UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES P. WYNNE,                Plaintiff, <br><br> v. <br><br> UNITED STATES OFFICE OF PERSONNEL MANAGEMENT,                Defendant. | Civil. No. 15-4157 (RBK/KMW) <br><br> **OPINION** |

**KUGLER**, United States District Judge:

This suit arises from Defendant United States Office of Personnel Management ("Defendant" or "OPM") upholding a decision of a health insurance carrier to deny the claim for benefits of Plaintiff James P. Wynne ("Wynne"). Presently before the Court is Defendant's Motion for Administrative Stay and Remand ("Defendant's Motion" [Dkt. No. 19]). For the reasons set forth below, Defendant's Motion will be **GRANTED**.

**I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Wynne is a 28 year-old man who was born with spastic cerebral palsy, profound mental retardation, and deafness. (Compl. [Dkt. No. 1] ¶ 1.) He is enrolled in the Federal Employees Health Benefit Program (the "FEHB Program") in the Service Benefit Plan (the "Plan") administered by Aetna Open Access ("Aetna"). (Compl. ¶¶ 1, 11; Def.'s Mot. Br. [Dkt. No. 20] at 1.) At issue here is the coverage provided by the Plan for certain private duty nursing ("PDN") services received by Wynne. (Def.'s Mot. Br. at 1.) Since 2009 Wynne had been receiving twelve hours per day of PDN services from Aetna, but in September 2014, Aetna

1

notified Wynne that it would be reducing the number of authorized hours from twelve to eight. (Compl. ¶ 23; Def.'s Mot. Br. at 1; Pl.'s Opp. [Dkt. No. 20] at 3.)[1]  Aetna determined that the additional four hours per day of PDN services Wynne was receiving were custodial in nature, and therefore excluded under the Plan.  (Def.'s Mot. Br. at 1; Pl.'s Opp. at 3.)  Wynne appealed this decision within Aetna's appeals procedures, and also to OPM, who ultimately upheld Aetna's determination.  (Def.'s Mot. Br. at 1; Pl.'s Opp. at 2.)

Wynne filed the Complaint in this action on June 19, 2105, arguing that OPM acted in an arbitrary and capricious manner in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 500 et seq., specifically violating 5 C.F.R. § 890.105 by failing to properly review Aetna's determination.  (*See generally* Compl.)  Wynne also complains that OPM violated the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq.  (*See id.*)  The parties have submitted, under seal, the certified administrative record (R. [Dkt. No. 17]) for Wynne's claim.[2]  OPM now moves to stay the case and remand it to OPM for further administrative proceedings in order to "enable the agency to create a more complete record and to issue a more informed final decision on remand."  (Def.'s Mot. Br. at 2.)  Wynne does not oppose the remand in principle, but "submits his opposition to the form of the remand requested."  (Pl.'s Opp. at 1.)

## II.     JURISDICTION

Wynne brings suit under the APA to review a decision related to benefits under the FEHB and under the Rehabilitation Act of 1973.  Accordingly, this Court exercises subject matter jurisdiction pursuant to 5 U.S.C. § 8912 and 28 U.S.C. § 1331.

---

[1] Plaintiff's Opposition is not paginated, therefore all page number references are to the page numbers assigned by the CM/ECF system.

[2] If the Court refers to any portion of the administrative record, only information that would generally not be subject to sealing will be disclosed.

### III. LEGAL STANDARD

The APA provides its own statutory definition of the standard of review by a court of agency decisions. Under the APA, a "reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). "The scope of review under the 'arbitrary and capricious' standard is 'narrow, and a court is not to substitute its judgment for that of the agency.'" *CBS Corp. v. F.C.C.*, 663 F.3d 122, 137 (3d Cir. 2011) (quoting *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)). In order to satisfy this standard, "the agency must reach its decision by 'examin[ing] the relevant data,' and it must 'articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made.'" *Id.* (quoting *State Farm*, 463 U.S. at 43) (modifications in quoting source).

The reviewing court is limited to "the administrative record [that was] already in existence' before the agency, not 'some new record made initially in the reviewing court' or 'post-hoc rationalizations' made after the disputed action." *Christ the King Manor, Inc. v. Sec'y U.S. Dep't of Health & Human Servs.*, 730 F.3d 291, 305 (3d Cir. 2013) (quoting *Rite Aid of Pa., Inc. v. Houstoun*, 171 F.3d 842, 851 (3d Cir. 1999)) (modifications in quoting source). Specifically here, in an action to recover on a claim for health benefits under the FEHB program, the reviewing court "[w]ill be limited to the record that was before OPM when it rendered its decision affirming the carrier's denial of benefits." 5 C.F.R. § 890.107(d)(3). However, the Supreme Court has instructed:

> If the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action of the basis of the record before it, the proper

course, except in rare circumstances, is to remand to the agency for additional investigation or explanation."

*Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985).

### IV. DISCUSSION

OPM argues that the administrative record of its decision upholding Aetna's determination is incomplete and lacks sufficient information for judicial review. (Def.'s Mot. Br. at 4.) OPM explains the rationale behind its position:

> On appeal, OPM found that the requested "private duty nursing" services were not covered in accordance with governing Plan terms and upheld Aetna's determination that "the member's needs are largely custodial in nature." Because the denial was based on a coverage determination, OPM did not request a medical review from an independent medical reviewer on the question of whether the services were custodial under the terms of the Plan. Thus, OPM's decision does not clearly articulate whether the reason for upholding Aetna's denial was the express Plan exclusion for private duty nursing or whether it was because OPM found the services to be custodial in nature.

(*Id.* at 4–5 (citations omitted).) OPM also argues that the record "lacks adequate information and/or explanation of its reason for denial to accommodate a thorough judicial review." (*Id.* at 5.) OPM desires remand in order "to determine why Aetna relied on a provision of the brochure that appears to expressly exclude the coverage at issue, but apparently did not consider . . . whether coverage may exist under a different, potentially applicable, provision." (*Id.*) OPM attaches a proposed schedule for remand proceedings with its motion. (*See id.* at Ex. A.) On remand, OPM submits that it would supplement the existing record and consider Wynne's entitlement to coverage under the Plan terms in effect at the time of the initial denial and Plan terms currently in effect, resulting in a superseding final agency decision. (*Id.* at 6.) The issues to be addressed by OPM on the supplemented record would be whether services may be provided by (1) a registered or licensed practical nurse ("RN/LPN") in the home; or (2) a certified homemaker health car aide ("CHHA"). (*Id.* at Ex. A.)

It is on this last point that the parties disagree. Wynne agrees that the record is unclear and does not object to remand, but he does oppose broadening the review beyond a determination of whether the four hours of PDN services are covered by the Plan. (Pl.'s Opp. at 4.) Wynne expresses concern that the proposed remand would exceed the scope of the issue presently before the Court, of whether it was arbitrary and capricious to reduce the number of hours of PDN services from twelve to eight. (*Id.*) As a result, Wynne fears that OPM's "proposed remand could perversely result in a determination denying all private duty nursing care, when the initial denial was for only a specific portion of the care." (*Id.* at 5.) OPM responded by clarifying that the remand "will *only* decide coverage with respect to the four hours of nursing services in question, as these were the subject of Aetna's denial and OPM's initial review." (Def.'s Reply [Dkt. No. 23] at 1–2 (emphasis added).) OPM further responds that under the FEHB brochure, Aetna may cover medically necessary nursing home health care services provided by either an RN/LPN or a CHHA. (*Id.* at 2.) If OPM determines that the Plan does not cover services from an RN/LPN, OPM cannot compel Aetna to provide that service. *See* 5 U.S.C. § 8902(j) (requiring the carrier to pay for services OPM finds the insured is entitled to under the terms of the health insurance contract.) OPM can only compel Aetna to provide covered services.

Wynne also expresses concern that under New Jersey law, the delegation of nursing duties to a CHHA may only be done by a supervising nurse and not an insurance company. (Pl.'s Opp. at 4–5 (citing N.J.A.C. 13:37-6.2).) OPM responds that may be true, but that OPM needs to undertake a full evaluation of Wynne's condition under its statutory authorization under the FEHB program, and obtain the opinion of an independent medical reviewer who could assess

5

whether the duties are so delegable to a CHHA under the applicable New Jersey regulations. (Def.'s Reply at 2.)

The Court is persuaded by the parties that the current administrative record does not contain adequate information for judicial review, making remand necessary to supplement the administrative record and to clarify OPM's decision. *See Fla. Power & Light Co.*, 470 U.S. at 744. The Court has reviewed the proposed remand schedule set forth by OPM and finds that it is appropriate and provides sufficient time for OPM to supplement the record and reach a superseding final determination, and for Wynne to meaningfully participate in the remand process. Wynne's objections to the scope of the remand are unavailing given OPM's statements clarifying that on remand it will only be evaluating the four additional hours of PDN services and not the eight hours of PDN services over which there is currently not a dispute. Wynne's objection regarding CHHA services are similarly unavailing, as OPM must determine what coverage is appropriate in order to assess whether Aetna must provide the coverage.

The Court therefore will grant Defendant's Motion and adopts the remand schedule attached as Exhibit A to Defendant's Motion, which will be appended to the Court's order. While the remand is ongoing, this case will be stayed. In addition to the duties of the parties set forth in the proposed remand schedule, the parties will file joint status reports every ninety days to inform the Court about the status of the remand determination.

## V.     CONCLUSION

For the foregoing reasons, Defendant's Motion for Administrative Stay and Remand will be granted.  An appropriate order accompanies this opinion.


Date:  May  27th , 2016


                          s/ Robert B. Kugler
                          ROBERT B. KUGLER, U.S.D.J.